IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRAX RETAIL, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:25-cv-1458 |
| PENSA SYSTEMS, INC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Trax Retail, Inc. ("Trax") for its Complaint against Defendant Pensa Systems, Inc. ("Pensa") hereby alleges as follows:

**BACKGROUND**

1. Trax is a global technology leader in cloud-based retail management solutions with operations spanning over 90 countries. It provides innovative computer vision-based solutions to retailers and consumer packaged goods ("CPG") companies, enabling them to digitize the physical retail environment and gain real-time visibility into shelf conditions at scale.

2. Founded in 2010, Trax has pioneered the use of computer vision and machine learning through its proprietary image recognition platform and patented technologies. Trax enables CPG companies and retailers to monitor shelf conditions, optimize merchandising execution, and enhance shopper engagement in real time.

3. Through its patented systems, Trax enables automated image recognition and data extraction from photos of store shelves, converting them into granular, actionable insights. Trax's platform helps clients monitor shelf availability, planogram compliance, and pricing and promotional execution, thereby significantly improving retail execution and sales performance.

4. Trax's technological innovations are protected by a portfolio of patents covering key elements of its image recognition pipeline, shelf mapping technologies, and AI-driven analytics models. These inventions are the result of substantial investment in research and development and are critical to Trax's market leadership and differentiation.

5. Trax's solutions include:

- **Shelf Monitoring & Analytics**: Using patented image recognition algorithms, Trax converts shelf images into actionable data, identifying out-of-stock items, planogram compliance, and share-of-shelf metrics with over 99% accuracy.

- **Retail Execution Tools**: Trax provides cloud-based dashboards and mobile tools that empower field teams to take corrective actions based on real-time shelf insights.

- **Shopper Engagement Platforms**: Through Shopkick, Trax offers tools to influence consumer behavior and drive in-store conversions.

6. Trax holds over 55 patents related to image recognition, retail analytics, and AI-driven merchandising systems. These innovations form the backbone of its competitive advantage and are critical to its market leadership in retail execution software.

7. From at least 2019, upon information and belief, Pensa began making, offering for sale, and selling infringing image recognition technology, as well as providing CPG companies and retailers services around the country that are infringing on Trax's intellectual property and harming Trax's business.

8. Trax brings this lawsuit to recover its damages and stop Pensa from continuing its wrongful infringement.

## PARTIES

9. Trax is Singapore based company with its principal place of business at 135 Cecil Street #10-01m Singapore, Republic of Singapore, 069536.

10. On information and belief, Pensa is a Delaware corporation with its principal place of business at 4704 East Cesar Chavez Street, Building B, Suite 6, Austin, TX 78702 United States.

## NATURE OF THE ACTION

11. This action is for infringement of United States Patent Nos. 10,387,996 (the "'996 Patent") and 12,154,459 (the "'459 Patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

12. This action involves Pensa's manufacture, use, sale, or offer for sale of infringing products, methods, processes, services, and systems involving Pensa's Vision AI image recognition technology (hereinafter, "Pensa's image recognition technology") that infringes one or more the claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq*.

14. Pensa is subject to personal jurisdiction in this Judicial District at least because: (1) Pensa has at least one regular and established place of business in this Judicial District; (2) Pensa has a registered agent for service of process in this Judicial District; (3) Pensa has purposefully availed itself of the privileges of conducting business in this Judicial District by, among other things, offering its products and services to customers, business affiliates, and partners located in this Judicial District; and (4) Pensa has committed acts of patent infringement of one or more claims of the Patents-in-Suit in this Judicial District.

15. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) at least because Pensa is subject to personal jurisdiction in this Judicial District, has

committed acts of patent infringement in this Judicial District, and has one or more regular and established places of business in this Judicial District. Pensa, through its own acts, makes, uses, sells, and/or offers to sell infringing products and services within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

16. Pensa has a regular and established place of business in Austin TX, within this Judicial District, at which it has committed acts of infringement throughout the State of Texas and in the Western District of Texas.

## TRAX'S INVENTION AND THE PATENTS-IN-SUIT

17. Trax is a leading innovator and provider of cloud-based retail management solutions used by CPG companies and retailers. Through its investment in research and development and commitment to innovation, Trax developed a litany of revolutionary image recognition solutions that provide unrivaled accuracy and cost savings. These solutions allow CPG companies and retailers the ability to monitor shelf conditions, optimize merchandising execution, and enhance shopper engagement in real time.

18. Trax is a market leader in the cloud-based retail management space and has successfully provided its services to its many customers and partners.

19. On August 20, 2019, the United States Patent Office ("USPTO") duly and legally issued U.S. Patent No. 10,387,996, entitled "System and Method for Panoramic Image Processing." A true and correct copy of the '996 Patent is attached to this Complaint as Exhibit 1.

20. On November 26, 2024, the USPTO duly and legally issued U.S. Patent No. 12,154,459, entitled "Customized Presentation of Items on Electronic Visual Displays in

4

Retail Stores Based on Availability of Products." A true and correct copy of the '459 Patent is attached to this Complaint as Exhibit 2.

21. Trax is the owner by assignment of the Patents-in-Suit. Trax owns all rights and title to the Patents-in-Suit, including the right to enforce and recover damages for infringement of the Patents-in-Suit.

## PENSA'S INFRINGING ACTIVITIES

22. Pensa makes, offers for sale, sells, and/ or otherwise provides its Vision AI image recognition technology (hereinafter, "Pensa's image recognition technology") to both retailers and brands across the country. Pensa's image recognition technology provides users methods to access customized presentations of retail items on electronic visual displays in retail stores.

23. Pensa's image recognition technology provides real-time shelf visibility and analytics by taking images or video of store shelves and digitally reconstructing the shelf layout to identify areas of interest, i.e. what's in place and what's missing. Pensa's image recognition technology also provides retailers and brands real time insights into inventory status and planogram compliance.

24. Pensa's image recognition technology—as configured and used in at least its Vision AI image recognition technology—infringes one or more claims of the Patents-in-Suit.

25. A non-limiting example of Pensa's image recognition technology is as follows:

26. Pensa obtains a plurality of images of products in a retail store captured using at least one image sensor:

- **Scanning**

  Pensa began onboarding the stores by scanning shelves and capturing data 3x per day with mobile phone and autonomous drones. These video scans were able to capture the view as if a person was seeing through the shelves, at all angles.



27. As seen in the image above, the image sensor can be both a mobile phone and/or an autonomous drone. Pensa also provides a method for stitching a sequence of images captured by a handheld device:



*See* https://www.pensasystems.com/wp-content/uploads/2021/03/Pensa_Unilever_CS_113-FINAL.pdf, p. 1.

28. Pensa provides a walking scan type system where multiple images may be strung together taken by a user holding a mobile device with a camera. The mobile device camera captures multiple images in the form of video that may be stitched together to form the shelf. Each product is also captured from multiple angles:



*See* https://pensasystems.com/solutions/.

29. Pensa tracks both "Shelf Availability" of products over time and "OSA", (On Shelf Availability) and provides trends in OSA:



*See* https://pensasystems.com/pensa-technology/.

30. To detect change in shelf availability or OSA, Pensa's image recognition technology takes images at different points in time. More specifically, Pensa's image recognition technology captures data three times per day with a mobile phone and autonomous drones. *See* https://www.pensasystems.com/wp-content/uploads/2021/03/Pensa_Unilever_CS_113-FINAL.pdf, p. 5.

31. Pensa's image recognition technology then uses machine learning models in an automated perception system to analyze the data:



32.     Pensa's image recognition technology visually recognizes products and figures out how the shelf is organized.  *See* https://www.pensasystems.com/wp-content/uploads/2021/03/Pensa_Unilever_CS_113-FINAL.pdf, p. 6.  Additionally, Pensa's 3D Vision AI sees, interprets, and prioritizes and determines what is missing.  The image of the shelf results from a scan of the shelf, an example of which is shown above.  *See* https://pensasystems.com/pensa-technology/.

33.     Pensa's image recognition technology, as described above, infringes one or more claims of the Patents-in-Suit.

34.     Trax brings this lawsuit to protect its business and enforce its intellectual property rights.

35.     Pensa has, and continues to willfully, knowingly, and intentionally infringe the Patents-in-Suit.

**COUNT I**
**(Pensa's Direct Infringement of the '996 Patent)**

36.     Paragraphs 1 through 35 are incorporated by reference as if fully restated herein.

37. The '996 Patent is a valid, enforceable patent that was duly issued by the USPTO.

38. Trax is the owner, by valid assignment, of the '996 Patent with ownership of all substantial rights in the '996 Patent, including the right to exclude others and to enforce, sue, and recover past and future damages.

39. On information and belief, Pensa has directly infringed, and continues to directly infringe, at least claim 1 of the '996 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, or offering for sale one or more of Pensa's Vision AI image recognition technology in the United States.

40. Claim 1 of the '996 Patent claims:

Claim 1. A non-transitory computer readable medium including instructions that when executed by a processor cause the processor to perform a method for stitching a sequence of images captured by a handheld device, the method comprising:

receiving a sequence of images of a shelving unit acquired using an imaging unit along a scanning direction in a retail store environment, wherein a plurality of images in the sequence are rotated relative to a reference orientation;

determining a first orientation of the imaging unit relative to the reference orientation while a first image is acquired based on an inclination level of shelves of the shelving unit detected in the first image;

determining a fronto-parallel strip for the first image based on the first orientation, wherein the fronto-parallel strip is substantially perpendicular to the scanning direction and positioned substantially in a center of the first image;

detecting distinctive features within the fronto-parallel strip of the first image;

matching the distinctive features detected in the fronto-parallel strip with distinctive features found in a second image associated with a second; orientation of the imaging unit relative to the reference orientation; and

based on the matching, estimating a geometric transformation to enable stitching of the first image with the second image.

41. For example, Pensa's image recognition technology infringes each of the above limitations of claim 1 of the '996 Patent.

42. A more detailed analysis of Pensa's infringement of claim 1 of the '996 Patent can be found in the claim charts that are attached to this Complaint as Exhibit 3 and incorporated into this Complaint for all purposes.

43. Pensa has committed these acts of infringement in the United States and without license or authorization.

44. Pensa's infringement of the '996 Patent has been, and continues to be, willful, knowing, and intentional.

45. Trax has suffered economic harm because of Pensa's infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

46. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law.  Unless enjoined by this Court, Pensa will continue to infringe on the '996 Patent.

## COUNT II
### (Pensa's Direct Infringement of the '459 Patent)

47. Paragraphs 1 through 46 are incorporated by reference as if fully restated herein.

48. The '459 Patent is a valid, enforceable patent that was duly issued by the USPTO.

49. Trax is the owner, by valid assignment, of the '459 Patent with ownership of all substantial rights in the '459 Patent, including the right to exclude others and to enforce, sue, and recover past and future damages.

50. On information and belief, Pensa has directly infringed, and continues to directly infringe, at least claim 1 of the '459 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, selling, or offering for sale one or more of Pensa's image recognition technology in the United States.

51. Claim 1 of the '459 Patent claims:

Claim 1. A non-transitory computer-readable medium including instructions that when executed by a processor cause the processor to perform a method for customized presentation of items on electronic visual displays in retail stores, the method comprising:

obtaining a plurality of images of products in a retail store captured using at least one image sensor, the plurality of images comprises at least a first image corresponding to a first point in time and a second image corresponding to a second point in time, the first point in time is earlier than the second point in time;

analyzing, using a machine learning model trained using training example images and product type availabilities associated with the training example images, the first image to determine whether products of a particular product type are available at the first point in time;

analyzing, using the machine learning model, the second image to determine whether products of the particular product type are available at the second point in time;

analyzing the second image to determine at least one position associated with the particular product type;

using the determined at least one position associated with the particular product type to select a region of an electronic visual display in the retail store;

based on the determination of whether products of the particular product type are available at the first point in time and the determination of whether products of the particular product type are available at the second point in time, selecting at least one display parameter for a particular item; and

using the selected at least one display parameter to display the particular item on the selected region of the electronic visual display in the retail store.

52. For example, Pensa's image recognition technology infringes each of the above limitations of claim 1 of the '459 Patent.

53. A more detailed analysis of Pensa's infringement of claim 1 of the '459 Patent can be found in the claim charts that are attached to this Complaint as Exhibit 4 and incorporated into this Complaint for all purposes.

54. Pensa has committed these acts of infringement in the United States and without license or authorization.

55. Pensa's infringement of the '459 Patent has been, and continues to be, willful, knowing, and intentional.

56. Trax has suffered economic harm because of Pensa's infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

57. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law. Unless enjoined by this Court, Pensa will continue to infringe on the '459 Patent.

## COUNT III
### (Pensa's Induced Infringement of the '996 Patent)

58. Paragraphs 1 through 57 are incorporated by reference as if fully restated herein.

59. On information and belief, Pensa knowingly and intentionally induce others to infringe at least claim 1 of the '996 Patent in violation of 35 U.S.C. § 271(b) by instructing or aiding others to use Pensa's image recognition technology in the United States in a manner that infringes at least claim 1 of the '996 Patent.

60. Since at least June 26, 2025, Pensa has been aware of the Patents-in-Suit, including the '996 Patent, and of the infringing nature of the Pensa's image recognition technology.

61. Despite its knowledge of the '996 Patent, Pensa continues to actively encourage, aid, and instruct their customers to implement and use Pensa's image recognition technology in the United States in ways that directly infringe the '996 Patent (e.g., by instructing customers and partners how to use Pensa's image recognition technology in retail locations in an infringing manner[1]). Pensa does so knowingly and intending that their customers will commit infringing acts.

62. Pensa also continues to provide the Pensa image recognition technology to customers in the United States, despite its knowledge of the '996 Patent, thereby specifically

---

[1] E.g. https://pensasystems.com/computer-vision-and-ai-at-retail-why-how-matters/#:~:text=Video%2Dbased%20approaches%20to%20data%20capture%2C%20rather%20than%20one%20image%20at%20a%20time%2C%20are%20instead%20capturing%20full%20motion%20%28video%29%20from%20a%20quick%20normal%20walk%20down%20an%20aisle.%20Pensa%20pioneered%20this%20approach%2C%20designed%20to%20be%20quite%20fast%20and%20provide%20immediate%20labor%20efficiency%20over%20historical%20manual%20shelf%20inspection (last referenced 9-9-25).

intending for and inducing their customers to infringe the '996 Patent through their customers' normal and customary use of Pensa's image recognition technology.

63. Trax has suffered economic harm because of Pensa's induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

64. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law. Unless enjoined by this Court, Pensa will continue to infringe on the '996 Patent.

## COUNT IV
**(Pensa's Contributory Infringement of the '996 Patent)**

65. Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66. On information and belief, Pensa has also knowingly and willfully contributed, and continues to contribute, to its customers' direct infringement of the '996 Patent in violation of 35 U.S.C. § 271(c) by using, selling, or offering to sell Pensa's image recognition technology to customers in the United States.

67. Since at least June 26, 2025, Pensa has been aware of the Patents-in-Suit, including the '996 Patent, and of the infringing nature of Pensa's image recognition technology.

68. As described above, Pensa provides customers with Pensa's image recognition technology, which is specially made and adapted for use in retail locations. Pensa's image recognition technology, and specifically its Vision AI image recognition technology, is not a staple article of commerce or suitable for any non-infringing use. Use and implementation of Pensa's Vision AI image recognition technology by Pensa and its customers in the United States infringes at least claim 1 of the '996 Patent.

69. Trax has suffered economic harm because of Pensa's contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

70. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law. Unless enjoined by this Court, Pensa will continue to infringe on the '996 Patent.

## COUNT V
### (Pensa's Induced Infringement of the '459 Patent)

71. Paragraphs 1 through 70 are incorporated by reference as if fully restated herein.

72. On information and belief, Pensa knowingly and intentionally induce others to infringe at least claim 1 of the '459 Patent in violation of 35 U.S.C. § 271(b) by instructing or aiding others to use Pensa's image recognition technology in the United States in a manner that infringes at least claim 1 of the ' 459 Patent.

73. Since at least June 26, 2025, Pensa has been aware of the Patents-in-Suit, including the '996 Patent, and of the infringing nature of the Pensa's image recognition technology.

74. Despite its knowledge of the '459 Patent, Pensa continues to actively encourage, aid, and instruct their customers to implement and use Pensa's image recognition technology in the United States in ways that directly infringe the '459 Patent (e.g., by instructing customers and partners how to use Pensa's image recognition technology in retail locations in an infringing manner). Pensa does so knowingly and intending that their customers will commit infringing acts.

75. Pensa also continues to provide the Pensa image recognition technology to customers in the United States, despite its knowledge of the '459 Patent, thereby specifically intending for and inducing their customers to infringe the '459 Patent through their customers' normal and customary use of Pensa's image recognition technology.

76. Trax has suffered economic harm because of Pensa's induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

77. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law. Unless enjoined by this Court, Pensa will continue to infringe on the '459 Patent.

## COUNT VI
### (Pensa's Contributory Infringement of the '459 Patent)

78. Paragraphs 1 through 77 are incorporated by reference as if fully restated herein.

79. On information and belief, Pensa has also knowingly and willfully contributed, and continue to contribute, to its customers' direct infringement of the '459 Patent in violation of 35 U.S.C. § 271(c) by using, selling, or offering to sell Pensa's image recognition technology to customers in the United States.

80. Since at least June 26, 2025, Pensa has been aware of the Patents-in-Suit, including the '459 Patent, and of the infringing nature of Pensa's image recognition technology.

81. As described above, Pensa provides customers with Pensa's image recognition technology, which is specially made and adapted for use in retail locations. Pensa's image recognition technology, and specifically its Vision AI image recognition technology, is not a staple article of commerce or suitable for any non-infringing use. Use and implementation of Pensa's Vision AI image recognition technology by Pensa and its customers in the United States infringes at least claim 1 of the '459 Patent.

82. Trax has suffered economic harm because of Pensa's contributory infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

83. Pensa has caused, and unless restrained and enjoined will continue to cause, irreparable injury and damage to Trax for which there is no adequate remedy at law. Unless enjoined by this Court, Pensa will continue to infringe on the '459 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Trax Retail, Inc., respectfully requests the following relief:

1. A judgment that Pensa has directly infringed the '996 Patent;

2. A judgment that Pensa has directly infringed the '459 Patent;

3. A judgment that Pensa has contributorily infringed the '996 Patent;

4. A judgement that Pensa has induced infringement of the '996 Patent;

5. A judgement that Pensa has contributorily infringed the '459 Patent;

6. A judgement that Pensa has induced infringement of the '459 Patent;

7. A judgment that awards Trax all appropriate damages under 35 U.S.C. § 284 for Pensa's past, current, and future infringement of the Patents-in-Suit, together with prejudgment and post-judgment interest, as well as costs;

8. An adjudication that Pensa's infringement of the Patents-in-Suit has been willful;

9. An adjudication that Trax be awarded enhanced damages and pre-judgment interest under 35 U.S.C. § 284;

10. An adjudication that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award of Trax's reasonable attorneys' fees;

11. An adjudication that Trax be awarded the attorneys' fees, costs, and expenses it incurs in prosecuting this action;

12. An order permanently enjoining Pensa, its officers, agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of the Patents-in-Suit;

13. A judgment that awards, in lieu of an injunction, a compulsory forward royalty for infringement of the Patents-in-Suit; and

14. An adjudication that Trax be awarded such further relief at law or in equity as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Trax hereby demands a trial by jury of all issues so triable.

HAYNES AND BOONE, LLP

*/s/ Tiffany M. Cooke*

Tiffany Cooke
HAYNES AND BOONE, LLP
2801 North Harwood Street, Suite 2300
Dallas, TX  75201
(214) 651-5000
Tiffany.cooke@haynesboone.com

Robert P. Ziemian
Robert.ziemian@haynesboone.com
Ian R. Rainey
Ian.rainey@haynesboone.com
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, CO  80202
(303) 382-6200

September 9, 2025

*Attorneys for Plaintiff*